UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BRISETTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA SUPREME COURT, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-05578-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

　　　　Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.　He has been granted leave to proceed in forma pauperis.

## DISCUSSION

**I.　　STANDARD OF REVIEW**

　　　　Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).　In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.　*Id.* at 1915A(b)(1),(2).　Pro se pleadings must be liberally construed.　*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

　　　　Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."　"Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"　*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).　Although in order to state a claim a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

II. **LEGAL CLAIMS**

Plaintiff seeks an order compelling a California State Court to conduct a hearing regarding his state habeas petition for a prison disciplinary finding.

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

However, this court has no authority to take the actions requested by plaintiff by way of a writ of mandamus.  Federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  A petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law.  *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir.), *cert. denied*, 111 S. Ct. 1082 (1991); *see also In re Campbell*,

264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give plaintiff access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation).

Plaintiff brought habeas petitions in the state superior court, court of appeal, and supreme court. No hearings were scheduled in any of those cases and all petitions were denied. Plaintiff seeks to have the denials vacated and a hearing held in state court. Pursuant to the authority above this court cannot compel a state court to have a hearing. The complaint will be dismissed but plaintiff will be provided one opportunity to amend.[1]

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **January 29, 2016**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

---

[1] Depending on the circumstances of the disciplinary hearing and the punishment, plaintiff may be able to challenge the finding in a habeas petition. Plaintiff would need to file the petition in the district where he is confined, which at this time is the Eastern District of California.

1      **IT IS SO ORDERED.**

2 Dated: December 24, 2015

                                                            PHYLLIS J. HAMILTON
                                                            United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BRISETTE,<br><br>            Plaintiff,<br><br>   v.<br><br>CALIFORNIA SUPREME COURT, et al.,<br><br>            Defendants. | Case No.  15-cv-05578-PJH<br><br>**CERTIFICATE OF SERVICE** |

       I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

       That on December 24, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Phillip  Brisette ID: P44080
CSP Solano  8-250 Low
P.O. Box 4000
Vacaville, CA 95696-4000


Dated: December 24, 2015


                                                Susan Y. Soong
                                                Clerk, United States District Court


                                                By: *Jean E. Ballard*
                                                Jean Ballard, Deputy Clerk to the
                                                Honorable PHYLLIS J. HAMILTON