1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PHILLIP BRISETTE,                          No.  2:16-cv-0208 GEB GGH P

12                    Petitioner,

13        v.                                    ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   ERIC ARNOLD,

15                    Respondent.

16

17        Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a

18   writ of habeas corpus pursuant to 28 U.S.C. § 2254.

19   INTRODUCTION

20        Before the court is petitioner's motion for preliminary injunction, and motion for

21   appointment for appointment of counsel, filed March 18, 2016.  In his motion for injunctive

22   relief, petitioner claims that his civil rights were violated because he is prevented from having

23   visits, including overnight visits with his family.  According to petitioner, his underlying

24   conviction resulted in discipline which included loss of time credits, loss of visits for one year,

25   followed by loss of non-contact visits for two years.  (ECF No. 22 at 3, ECF No. 10 at 59.)  The

26   motion also challenges the disciplinary conviction itself.  The petition has already been ordered

27   served, and respondent has filed a motion to dismiss, which will be addressed in a separate order

28   after full briefing has been submitted.

                                             1

1    Petitioner's motion will fail for a number of reasons.

2    I.  PRELIMINARY INJUNCTION

3         A.  Standards for Preliminary Injunction

4         "The proper legal standard for preliminary injunctive relief requires a party to demonstrate

5    'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

6    absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

7    is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009),

8    quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008).

9         A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale approach or

10   "serious questions" test survives "when applied as part of the four-element Winter test."  Alliance

11   for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-1132 (9th Cir. 2011).  "In other words, 'serious

12   questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can

13   support issuance of an injunction, assuming the other two elements of the Winter test are also

14   met."  Id., at 1132.

15        Preliminary injunctive relief may be permissible in habeas cases.  See Byrd v. Moore, 252

16   F.Supp.2d 293, 297-98 (W.D.N.C. 2003) (discussing standards for preliminary injunctive relief in

17   habeas cases). "Likelihood of success on the merits alone, however, without any showing of a

18   risk of irreparable harm, is not sufficient to warrant the issuance of a preliminary injunction since

19   Petitioners must always show some risk of probable irreparable injury."  Id. at 298, citing

20   Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 196 (4th Cir. 1977).  Moreover, any

21   preliminary injunction must relate to the habeas issues in the case; petitioner may not seek to

22   adjudicate all grievances with the prison system in his habeas action.  Case v. Miller-Stout, 2012

23   WL 68114175 (W.D. Wash. 2012).  Injunctive relief in a habeas case should be a rare

24   phenomenon.

25        B.  Analysis

26        A preliminary injunction should not issue unless necessary to prevent threatened injury

27   that would impair the court's ability to grant effective relief in a pending action.  "A preliminary

28   injunction ... is not a preliminary adjudication on the merits but rather a device for preserving the

2

1    status quo and preventing the irreparable loss of rights before judgment."  Sierra On–Line, Inc. v.

2    Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir.1984).  Where a petitioner simply repeats

3    the basis for his petition for writ of habeas corpus as grounds for preliminary injunctive relief,

4    petitioner does not present a basis for the court to issue any form of preliminary relief.  Such a

5    motion should be denied.

6         Here, petitioner complains that his disciplinary conviction which is the subject of his

7    habeas petition resulted in loss of overnight visits for one year, and loss of non-contact visits for

8    two years, among other discipline, which has resulted in a violation of his civil rights.  The

9    habeas petition claims that petitioner's procedural due process rights were violated in regard to

10   the underlying conviction which resulted in the discipline complained of here.  The undersigned

11   will not recommend preliminary injunctive relief in this case as it appears to be merely a speed-up

12   of the adjudication of the habeas action, i.e., petitioner seeks to be relieved of the consequences of

13   conviction on the disciplinary.

14        However, even considering petitioner's motion in classic injunctive relief form, petitioner

15   would not prevail.  In regard to likelihood of success on the merits, respondent has filed a motion

16   to dismiss which claims that the petition fails to state a cognizable federal claim, and that the

17   petition is unexhausted.  Addressing for purposes of the instant motion the claim of lack of

18   exhaustion only, and admittedly based only on respondent's motion to dismiss without the benefit

19   of petitioner's opposition, (but based on review of petitioner's exhibits), it appears that petitioner

20   properly sought collateral review only in one state court.  (ECF No. 10 at 2-4.)  The briefs filed

21   with the state courts and orders issued in response show that petitioner actually filed only one

22   habeas corpus petition, with the Solano County Superior Court.  (Id. at 12-13.)  The petitions filed

23   with the California Court of Appeals and the California Supreme Court were not habeas petitions.

24   Petitioner filed a "Notice of Application for Peremtory [sic] Writ" with the court of appeals, (ECF

25   No. 1 at 13-14; ECF No. 10 at 15), and a  "Notice of Petition for Peremtory [sic] Writ of

26   Mandate" with the state supreme court (ECF No. 1 at 17-19; ECF No. 10 at 17).

27        A petition for writ of mandamus requesting that the trial court be ordered to rule on the

28   habeas application, is not an application for collateral review.  Moore v. Cain, 298 F.3d 361, 366-

1   67 (5th Cir. 2002).  Such a petition is not a procedural step in moving up the ladder of collateral

2   relief.  Mitchell v. Janda, 2014 WL 502629, *6 (C.D. Cal. 2014).  It does not constitute an

3   "application for State post-conviction or other collateral review with respect to the pertinent

4   judgment or claim...."  28 U.S.C. § 2244(d)(2).  Therefore, it does not exhaust state court

5   remedies because it is not the proper procedural vehicle to request that claims be reviewed on

6   their merits.  Whitaker v. Swarthout, 2015 WL 6437649, at *8 (E.D. Cal. Oct. 21, 2015).  See

7   also Saldana v. Spearman, 2014 WL 4761596 at *4 (N.D. Cal. Sep. 24, 2014) (state court

8   remedies not exhausted by petition for writ of mandate filed in California Supreme Court); Goff

9   v. Salinas, 2013 WL 425330 at *2 n. 2 (E.D. Cal. Feb. 1, 2013) (petition for writ of mandate "is

10  not a procedure likely to be utilized to review the merit of an action in habeas.  Thus, this filing

11  for a writ of mandate does not exhaust his claims").

12      Here, the petition for writ of mandate filed with the California Court of Appeals sought to

13  complain about the actions of the superior court in failing to set the habeas petition for hearing,

14  and for re-characterizing the question raised in his habeas petition, and claimed that the court no

15  longer has jurisdiction over his claims.  (ECF No. 1 at 13.)  The petition for writ of mandate filed

16  with the California Supreme Court made the same challenges.  These petitions do not qualify as

17  exhaustion petitions.  Therefore, petitioner has little to no chance of success on the merits on his

18  habeas petition as a whole due to failure to exhaust.

19      The claim that petitioner was denied a hearing or interview is not adversely affected by

20  whether he receives family visits or not during the time his habeas petition is pending.  Therefore,

21  he is not likely to suffer irreparable harm to his habeas case if he is not granted family visits.

22      Nor is the denial of family visits by itself a cause of irreparable harm.  There is no

23  constitutional right to visitation for convicted prisoners, their family and spouses.  Overton v.

24  Bazzetta, 539 U.S. 126, 136–37, 123 S.Ct. 2162 (2003) (upholding prison regulations banning

25  visitation privileges entirely for a two-year period for inmates with two substance abuse

26  violations and regulating the conditions of visitations by others as not affecting constitutional

27  rights that survive incarceration); Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454,

28  460–61, 109 S.Ct. 1904 (1989) (no liberty interest in visits with "a particular visitor"); Gerber v.

1  Hickman, 291 F.3d 617, 621 (9th Cir.2002), cert. denied, 537 U.S. 1039, 123 S.Ct. 558 (2002)

2  ("[I]t is well-settled that prisoners have no constitutional rights while incarcerated to contact visits

3  or conjugal visits."); Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir.1986) (denial of

4  contact visitation does not violate Eighth Amendment), abrogated in part on other grounds by

5  Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293 (1985); Keenan v. Hall, 83 F.3d 1083, 1092 (9th

6  Cir.1996), amended by 135 F.3d 1318 (9th Cir.1998); Barnett v. Centoni, 31 F.3d 813, 817 (9th

7  Cir.1994).

8        The United States Supreme Court has ruled that inmates do not have a constitutional right

9  to contact visits; stating that the rational connection between a ban on contact visits and internal

10  security of a detention facility is too obvious to warrant discussion.  Block v. Rutherford, 468

11  U.S. 576, 586, 104 S.Ct. 3227 (1984).  The Court also held that a complete ban on contact visits

12  did not infringe on constitutional rights.  Id.

13        On this point petitioner was found at the disciplinary to be guilty of introducing heroin

14  into the institution for sales and distribution.  (ECF No. 10 at 45.)  It is quite possible that, on

15  review of the evidence underlying the disciplinary conviction, petitioner may have received the

16  heroin at the institution through a visitor, thus justifying the discipline, preventing the possibility

17  that petitioner would obtain more controlled substances through contact visits, and thereby further

18  jeopardizing the institution.

19        Petitioner has not shown irreparable harm will occur if contact visits are prohibited

20  because he has alternative means of communication which are open to him despite the

21  disallowance of visits: he may communicate with his family through correspondence and

22  telephone calls, and he may have non-contact visits with his family after one year is over.

23  Although petitioner may find fault with those alternatives, as long as they are available, the

24  alternatives need not be as good as contact visits.  See Overton v. Bazzetta, 539 U.S. 126, 135,

25  123 S.Ct. 2162 (2003) (addressing prisoners' argument that telephone calls are expensive and

26  letters do not help illiterate prisoners, the court explained that "[a]lternatives to visitation need not

27  be ideal, however; they need only be available.")  Petitioner's arguments that the termination of

28  visitation has profoundly and immensely affected his children may be true.  However, petitioner

1    cannot show that these alternatives are not sufficient to mitigate the adverse consequences of his

2    punishment.  Any such argument would be too speculative to support an injunction.  The

3    undersigned finds that the existence of these alternatives is satisfactory, and that petitioner will

4    not sustain irreparable harm if the court does not issue the injunction.  Because petitioner was

5    already incarcerated at the time he suffered the subject disciplinary, he should have expected that

6    visitation rights are among the number of rights he would have been expected to forfeit upon

7    incarceration, especially if he committed misconduct.  Moreover, petitioner cannot raise the

8    interests of his children in the context of this case.  Therefore, the element of likelihood of

9    irreparable harm is not met.

10          Because petitioner cannot meet the two required elements for a preliminary injunction, his

11   motion should be denied.  Moreover, petitioner is merely re-arguing the merits of his petition by

12   way of the instant motion, but has failed to meet his burden to demonstrate entitlement to

13   injunctive relief.  The merits of the petition will be resolved in due course.

14   II. <u>CIVIL RIGHTS ACTION</u>

15          Respondent contends that habeas corpus is not the proper vehicle to address petitioner's

16   request for injunctive relief.  It is true that to the extent the motion for injunctive relief mirrors a

17   civil rights claim for denial of visiting privileges, such a motion does not transform this habeas

18   case into a civil rights action.  The punishment aspect of a disciplinary conviction is not severable

19   from the adjudication of the habeas action *per se*.[1]  The point here is that a punishment, or part of

20   it, may be so unconstitutional that preliminary injunctive relief might be warranted in this *habeas*

21   action.[2]  Such is not the case here.

22          Ultimately, the issue here might also be the subject of a civil rights action were one to be

23   filed.

24                  Federal law opens two main avenues to relief on complaints related
25               to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254,

---

[1]  This case is distinct from <u>Thornton v. Brown</u>, 757 F.3d 834 (9th Cir. 2014) in that the condition
under attack in that case was not a punishment imposed by the conviction itself.

[2]  Take for example, the extreme situation where a sentence called for lashing as well as being
confined.  The lashing part of the sentence might well be the subject of preliminary injunctive
relief in habeas.

1

2
and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

3

4

5
Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

6
Here, the motion itself could be viewed as not pertaining to the validity or duration of

7
petitioner's confinement, but to the conditions of his confinement.  As such, petitioner would

8
need to proceed with the claims he raises in a civil rights action rather than a habeas petition.

9
Such a course is problematic, however.[3]  If plaintiff were to pursue a civil rights action seeking

10
money damages, it may be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).

11
However, the court need not make that decision here.

12
III.  MOTION FOR APPOINTMENT OF COUNSEL

13
Petitioner has also requested the appointment of counsel.  There currently exists no

14
absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d

15
453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at

16
any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing §

17
2254 Cases.  In the present case, the court does not find that the interests of justice would be

18
served by the appointment of counsel at the present time.

19
CONCLUSION

20
Accordingly, IT IS HEREBY ORDERED that:  Petitioner's March 18, 2016 request for

21
appointment of counsel (ECF No. 23) is denied without prejudice to a renewal of the motion at a

22
later stage of the proceedings.

23
For the reasons stated herein, IT IS HEREBY RECOMMENDED that petitioner's motion

24
for preliminary injunction, filed March 18, 2016 (ECF No. 22), be denied.

25
_____

26

27

28
[3]  Respondent argues that petitioner has not exhausted his administrative remedies for his claim that visiting privileges should be restored. Res't's Opp., ECF No. 25 at 2, citing ECF No. 22 at 21 (January 15, 2016 letter from Level III Associate Warden directing petitioner to proceed with his claims through the appeal process rather than by correspondence).  The outcome of this argument is not entirely clear, however.  See ECF No. 10 at 26-27 (Third Level Decision exhausting administrative remedy, dated December 9, 2014).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 26, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076:md; bris0208.110