UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BRISETTE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ERIC ARNOLD,<br><br>　　　　　Respondent. | No. 2:16-cv-0208 GEB GGH P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

INTRODUCTION AND BACKGROUND

Petitioner initiated this action in the Northern District of California as a petition for peremptory writ of mandate on December 7, 2015. After an amended petition was filed on January 26, 2016, the action was transferred to this district on February 1, 2016. The petition alleges that petitioner had been charged with a violation of CCR Title 15, section 3016(c), introduction of a controlled substance into the institution for sales and distribution. (ECF No. 10 at 6.) The amended petition raises the following claim: that in processing his administrative appeal, respondent violated petitioner's due process rights by denying a hearing or interview.

Currently before the court is respondent's motion to dismiss for failure to state a claim and for lack of exhaustion, filed April 4, 2016. Petitioner has filed an opposition, to which respondent

1

has filed a reply. Having reviewed all filings, the court now issues the following findings and recommendations.

DISCUSSION

    I.    FAILURE TO STATE A CLAIM

       A.  Standard

Rule 4 of the Rules Governing Section 2254 Cases provides, in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

       B.  Analysis

Respondent's first basis for dismissal is that the habeas petition fails to state a claim because petitioner's inability to receive an interview for purposes of his inmate appeal is not a right protected by the Constitution or federal law. Rather, respondent argues, it is a state law matter only.

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).

The Supreme Court has reiterated the standards of review for a federal habeas court.

Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475 (1991). In Estelle v. McGuire, the Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted federal habeas relief. The Court held that the Ninth Circuit erred in concluding that the evidence was incorrectly admitted under state law since, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. at 67-68, 112 S. Ct. at 480. The Court re-emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67, 112 S. Ct. at 480, citing Lewis v. Jeffers, 497 U.S. 764, 110 S. Ct. 3092, 3102 (1990), and Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment).

The Supreme Court further noted that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted)." Id. at 68, 112 S. Ct. at 480. The Court also stated that in order for error in the state trial proceedings to reach the level of a due process violation, the error had to be one involving "fundamental fairness," Id. at 73, 112 S. Ct. at 482, and that "we 'have defined the category of infractions that violate "fundamental fairness" very narrowly.'" Id. at 73, 112 S. Ct. at 482. Habeas review does not lie in a claim that the state court erroneously allowed or excluded particular evidence according to state evidentiary rules. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir. 1991). As more recently re-emphasized by the Supreme Court, "'a mere error of state law ... is not a denial of due process.'" Rivera v. Illinois, 556 U.S. 148, 129 S. Ct. 1446, 1454 (2009) (quoting Engle v. Isaac, 456 107, 121, n. 21, 102 S. Ct. 1558 [] (1982)).

Here, petitioner's claim of denial of an interview for his appeal is a violation of state law only. Although the California Code of Regulations do provide generally that "[a]t least one face-to-face interview shall be conducted with the appellant at the first level of review, or the second level if the first level of review is bypassed," there are various exceptions. 15 C.C.R. § 3084.7(e). The subsection cited by petitioner, § 3084.7(e)(4)(c), is one of those exceptions and provides that where the inmate is not present at the institution, either a telephone interview may be conducted

3

1  or if the prisoner is not available for such an interview, "the reviewer may request that a suitable
2  employee in the jurisdiction where the appellant is located complete the interview and provide a
3  report."

4  Even though California law may provide for an interview, the failure to provide one
5  would violate at most state law, not federal law. This is so because prisoners do not have a
6  "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza,
7  334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).
8  Even the non-existence of, or the failure of prison officials to properly implement, an
9  administrative appeals process within the prison system does not raise constitutional concerns.
10  Mann, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v.
11  Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A
12  prison] grievance procedure is a procedural right only, it does not confer any substantive right
13  upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the
14  procedural protections envisioned by the fourteenth amendment"). Put another way, prison
15  officials are not required under federal law to process inmate grievances in a specific way or to
16  respond to them in a favorable manner. Because there is no right to any particular grievance
17  process, petitioner cannot state a cognizable federal habeas corpus claim for a violation of his due
18  process rights based on allegations that prison officials failed to give him a hearing or interview
19  in regard to his administrative appeal. See Tilford v. Chau, 2014 WL 2965320 at *15 (S.D. Cal.
20  July 1, 2014) (no right to a hearing during administrative appeal process).

21  Unlike the right to appear at an administrative hearing for a disciplinary proceeding, that
22  is a guaranteed procedural due process right; see Wolff v. McDonnell, 418 U.S. 539, 556 (1974);
23  there is no such right during the appeals process.[1] Petitioner has failed to state a federal due
24  process claim.[2]

---

[1] Petitioner did receive a hearing at his disciplinary proceeding. (ECF No. 10 at 59.)
[2] Petitioner inserts an argument in the middle of his discussion concerning his claim of denial of interview or hearing, that the investigator "used speculation" to "find guilt where there was not sufficient evidence…." (ECF No. 10 at 7.) It is not clear that petitioner is raising a separate claim here; however, if he is, it is not exhausted. It would also be barred by Nettles. See discussion *supra*.

Respondent's second contention why the petition does not state a federal habeas claim is that habeas corpus is limited to challenges to the fact or duration of confinement, and that in this case a grant of petitioner's claim would not necessarily spell speedier release.

The Ninth Circuit has now definitively decided when a case is properly brought as a habeas corpus petition, and when a civil rights action, if at all, is the appropriate type of action. According to Nettles v. Grounds, __F.3d__, No. 12-16935 (9th Cir. July 26, 2016) (en banc), an action is only properly brought as a habeas corpus petition if overturning the state conviction, including a prison disciplinary conviction, would *necessarily* result in a reduction of the underlying criminal sentence.[3] The Ninth Circuit in Nettles overruled its past decisions which believed habeas jurisdiction appropriate if overturning a disciplinary conviction could "potentially" reduce the sentence, Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004), or might "likely" affect the duration of the underlying sentence, Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1089). In Nettles itself, the vacating of a disciplinary conviction(s) would not necessarily reduce the sentence, i.e., make a prisoner serving a life sentence eligible for parole, since parole eligibility in California was based only in part on a disciplinary history. Therefore, it could not be said that a vacating of the disciplinary would necessarily reduce the underlying criminal sentence of life imprisonment with the possibility of parole.

The undersigned has reviewed petitioner's exhibits and notes that petitioner was assessed 180 days loss of credit (as well as loss of visits and privileges). There is no indication as to petitioner's underlying sentence, however, and whether it is determinate or indeterminate. See ECF No. 10 at 1 (length of sentence: "Not Applicable"). Therefore, the undersigned is unable to determine whether petitioner's claim, if successful, would lead to speedier release or is too speculative. See Elder v. Swarthout, 2015 WL 4730370, at *3 (E.D.Cal. Aug. 10, 2015) (relying on Nettles (pre-en banc) to find no cognizable habeas claim stated where petitioner sought restoration of forfeited credits and expungement of a disciplinary conviction that was imposed

---

[3] The majority opinion was joined in full by five judges, and a concurring judge who agreed with the holding reached by the five judges, but did not join the majority only on an alternative analysis reaching the holding based on statutory construction, as opposed to Supreme Court precedent.

only seven years into an indeterminate sentence of 47 years to life because the connection between the disciplinary conviction and the possibility of parole eligibility in the distant future was merely speculative).

Petitioner has the burden to show that jurisdiction is proper under 28 U.S.C. section 2254. He has not done so. Nothing in the petition, or the opposition to the motion to dismiss, demonstrates that an invalidating of a disciplinary conviction would have more than a speculative effect on the duration of his incarceration. Therefore, respondent's motion should be granted on this basis as well.

## II. EXHAUSTION

Because respondent's position is that the case is not properly brought in habeas jurisdiction, and the undersigned agrees, the argument that the habeas petition is not exhausted is inapplicable.

## III. LEAVE TO AMEND

It is not appropriate to *sua sponte* construe a habeas petition as a civil rights action since the action will probably not name the right defendants or seek appropriate civil rights relief. Nettles, supra, at Section IV. In any event, the petitioner must expressly consent to a conversion of the action which may necessitate the filing of an amended complaint, and may subject the petitioner to a higher filing fee, as well as different exhaustion requirements. If petitioner herein files objections to these Findings and Recommendations, he shall advise the district judge whether he desires to transform this action into a civil rights action, in the event the district judge agrees that this action may not proceed in habeas corpus. Petitioner is advised that whatever relief may be available in a civil rights action, a favorable ruling in a civil rights action will not direct a finding of parole eligibility. Petitioner is further advised that a civil rights action must demonstrate a violation of the federal constitution or federal statutory law. Such an amendment is doubtful here in that plaintiff has heretofore relied on asserted violations of state law. Finally, a civil rights complaint must seek appropriate relief.

////

////

CONCLUSION

For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

1. Petitioner's request to stay and grant leave to amend (as stated), (ECF No. 28) be denied.

2. Respondent's motion to dismiss, filed April 4, 2016 (ECF No. 24), be granted and this action be dismissed; however, petitioner should advise the district judge, if petitioner so desires, that petitioner wishes to proceed in this case as a civil rights action. Petitioner should demonstrate in his request that a viable federal civil rights claim exists. If the district judge believes that such amendment is advisable after review of the objections, petitioner should be allowed to proceed in a civil rights action with an amended complaint, naming proper defendants, and setting forth a federal claim, after paying the normal filing fee for civil actions.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 26, 2016

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076:bris0208.mtd